No. 26.—WILLIAM E. PIERCY, and others, plaintiffs in error, vs. DAVID ADAMS and wife, defendants in error.

Bill to enforce contract concerning an interest in lands, not demurrable, because it does not state whether the contract was or was not in writing.

Pierce et al. vs. Adams and wife.

In Equity, from Fannin Superior Court. Decision on demurrer, by Judge Trippe, at November Term 1856.

This was a bill filed by William E. Piercy and others, children of William W. Piercy, deceased, against David Adams and Chlorinda, his wife, who was the widow of Adolphus Piercy, a deceased brother of complainants.

The allegations of the bill, in substance are, that in the year 1851, William W. Piercy, father of complainants and said Adolphus. then in life, negotiated an exchange of lands, which he owned in the county of Murray, for two lots in the county of Fannin, belonging to Lazarus Patett and John W. Patett, and received upon the exchange, the sum of five hundred dollars. That the lands in Fannin were estimated at nine hundred dollars, and that was about all the estate owned by the said William; that although the land given in exchange belonged to their father, the said William W. who had paid for the same, the deeds from the Patetts for the lands received by him, were made to Adolphus Piercy, their brother, with the understanding and agreement that the same should be used, occupied and cultivated by the said William Piercy and all his children during his life, and at his death, to be continued to be used and enjoyed jointly by all, or to be equally divided between them share and share alike; that in pursuance of said understanding and agreement said William W. and all his children, went into possession of said lands and occupied and cultivated the same; that Adolphus Piercy died in the year 1852, and the family continued in possession of said lands until the death of their father, the said William, in September 1853, and after his death until the spring of 1854, when the said Chlorinda, the widow of Adolphus intermarried with David Adams; and that the said Adams, in utter disregard of the agreement and understanding of all parties, has commenced his action of ejectment for the recovery of said lands, and threatens to dispossess complainants and to deprive them of their home.

The bill prays that the ejectment cause be enjoined, and that Adams and wife be decreed to execute and deliver to complainants, deeds for their respective shares or proportions of said land, and that the agreement aforesaid be carried out, and performed.

To this bill defendants demurred and answered.

The Court dismissed the bill upon the demurrer, and complainants excepted to this decision and tender their bill of exceptions.

UNDERWOOD, for plaintiffs in error.

FRANCES, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This is a bill to enforce a contract respecting an interest in lands.

The bill sets forth a contract, but does not disclose whether that contract was in writing or not. The sole ground of demurrer is, that the bill does not show that the contract was in writing.

The bill need not state whether the contract was in writing or not. The allegations of the bill, when it comes to be heard, must be supported by competent proof. The contract is matter of proof. The judgment of the Court, therefore, sustaining the demurrer must be reversed.

Judgment reversed.