## DRAPER, MOORE & CO. *v.* MACON DRY GOODS CO.

In a suit for damages growing out of a breach of contract required by the statute to be in writing, the petition is not demurrable upon the ground that it does not set forth whether or not the contract was in writing.

Submitted February 5, — Decided March 23, 1898.

Action for breach of contract.　Before Judge Felton. Bibb superior court.　April term, 1897.

The defendant demurred to the petition as amended, on the grounds: (1) that no cause of action is set out; (2) the facts set up in the declaration show that the contract upon which the plaintiffs seek to recover is contrary to the statute of frauds, in that there was no sale, delivery, or payment for the goods alleged to have been purchased by plaintiffs; and (3) there is no law authorizing such a suit.　The court sustained the demurrer and dismissed the case.　The petition alleged:　On February 9, 1897, plaintiffs and defendant entered into a contract by which defendant sold to plaintiffs a bill of goods (specifying them).　By the terms of the contract the goods were to be shipped by defendant to plaintiffs at Atlanta, Ga., and were to be paid for on delivery.　Defendant failed to ship the goods to plaintiffs or to comply with the contract in any particular.　Plaintiffs were at all times ready and willing to comply with their contract, have offered so to do, have insisted upon a compliance with the contract on the part of the defendant, and here and now offer to comply with the contract.　To make the contract they went to Macon at an expense of $12.06.　Defendant agreed, in consideration of the contract, to pay this expense.　Defendant has not paid this expense, and in bad faith and without cause has failed and refused to comply with its contract.　Plaintiffs have been damaged by said breach of contract in the sum of $700.

The amendment was as follows: On February 11, 1897, defendant expressly acknowledged (in a letter signed by L. M. Happ, its authorized agent and officer, and addressed to plaintiffs) the existence of the contract, that the terms of the contract were substantially as hereinbefore set out, that the goods described were purchased by plaintiffs, that plaintiffs had bought these goods, and that the goods ought in right and justice to have been delivered to plaintiffs in accordance with the terms of the contract. The time of the members of plaintiff's firm was very valuable, and by reason of the trip to Macon to make said contract, for which defendant expressly agreed to indemnify plaintiffs, they were subjected to a loss of $50 for the time of Mr. Meador, and $50 for the time of Mr. Moore, which time was spent in Macon at the invitation of defendant. Defendant was to pay for the same, but has refused so to do, although it has acknowledged that there was such an agreement in writing. By reason of said refusal to pay, plaintiffs have been damaged in the further sum of $100. By defendant's misrepresentations in inducing plaintiffs to go to much trouble and expense, and by its promise to deliver said goods, when defendant knew that the goods were not to be delivered, and by its failure to deliver the goods, defendant practiced a gross fraud upon plaintiffs, to their great damage. They can not be placed in the same position that they were in before the fraud was practiced upon them, without the intervention of this court; and they pray that the court will provide such relief as may seem proper. The letter referred to was as follows: "Macon, Ga., Feb. 11th, 1897. Mess. Draper, Moore & Co. (Mr. Moore), Atlanta, Ga. Dear Sirs,—It is with sincere regrets that the writer is not able to ship to you the goods you purchased from the above concern; but on Wednesday Mess. E. M. Bass & Co. came here, and we closed a deal with them for the entire stock. We insisted that the goods that you bought go to you, without interfering with the balance of the stock, but they would not listen to such a proposition; and as we were very anxious to dispose of this stock, and while the opportunity presented itself, we took advantage of it. We hope you will not feel any way but kindly towards us, as the circumstances were such as

we could not do otherwise. I enclose you check for $10.65, paying your railroad expenses for both Mr. Meador and yourself, as per agreement. With kindest regards to Mr. Meador, Mr. Draper, and yourself, I am, yours truly, L. M. Happ."

*Hill, Harris & Birch* and *Candler & Thomson*, for plaintiffs.
*Hardeman, Davis & Turner*, for defendant.

LEWIS, J. The contract, which is the basis of the plaintiff's action in this case, is such a one as the statute of frauds requires to be in writing. Civil Code, § 2693, 7. Inasmuch as the declaration did not disclose the fact that the contract was in writing, counsel for defendant in error contended that the court did not err in dismissing the same upon demurrer. Neither the petition nor the amendment thereto sets forth whether or not the contract was in writing; hence the question arising in this case is: Does the law of pleading require the plaintiff who brings an action on such a contract to allege in his petition that the same was in writing? The defense of the statute of frauds, like that of a plea of usury, is in the nature of a personal privilege, of which the defendant can avail himself or not, as he sees proper. Such defenses are not usually a subject-matter of demurrer, but of pleading and proof. Where the statute, in derogation of the common law, requires certain contracts to be executed in a prescribed manner in order to be binding upon the parties, the law will not presume, in the absence of proof, that either party has violated the statute. In the case of *Long* v. *Lewis*, 16 *Ga.* 154, the suit was upon a contract embraced within the provisions of the statute upon the subject of written agreements. Neither the declaration nor the proof showed whether or not the promise relied on for a recovery was in writing. A motion for nonsuit was made, and this court decided that the same was properly overruled. On page 162 Benning, J., delivering the opinion, said: "As to the first ground, it is sufficient to say, that it does not appear, from the declaration or the proof, that the contract was not in writing. The contract may have been in writing. And as an illegal act is not to be presumed, it is not to be presumed that the contract was not in writing." We quote the following from the opir-

ion delivered by the same judge in the case of *Printup* v. *John-son*, 19 *Ga.* 75: "If the agreement was such a one that it was required to be in writing by the statute of frauds, then it is to be presumed, until the contrary be shown, that the agreement was in writing; for it is, in general, to be presumed, until something to the contrary be shown, that no man does what the law forbids, or what the law declares shall be invalid." In the case of *Piercy* v. *Adams*, 22 *Ga.* 109, the question we are now considering was directly decided in the following language: "Bill to enforce contract concerning an interest in lands, not demurrable because it does not state whether the contract was or was not in writing." It is true, in the case of *Logan* v. *Bond*, 13 *Ga.* 192, a contrary rule was applied where it was sought to engraft a parol trust upon a deed, and it did not appear upon the face of the bill that the agreement sought to be enforced was verbal only. The court in that case recognized the doctrine at common law, but said that it was otherwise in this State, where the cause of action is required to be "plainly, fully, and distinctly set forth." Perhaps the distinction between this case and the others above cited grows out of the fact that the acts involved in the last were valid at common law, but they were regulated as to the mode of performance by the statute. In Stephen on Pleading, *374, that author declares that in such a case it is only necessary to use such allegation as was required before the statute. The same author (*375) quotes from 1 Saund. 276 d. e. n. (2), as follows: "Where a thing is originally made by act of parliament, and required to be in writing, it must be pleaded with all the circumstances required by the act; as in the case of a will of lands it must allege to have been made in writing; but where an act makes writing necessary to a matter where it was not so at the common law, as where a lease for a longer term than three years is required to be in writing by the statute of frauds, it is not necessary to plead the thing to be in writing, though it must be proved to be so in evidence." But whether the case in the 13 *Ga.* is in conflict with the others or not, from the utterances and repeated rulings of this court made after the decision rendered in that case, we are unavoidably led to the conclusion

that the law announced in the headnote which precedes this opinion may be regarded as a well-established rule of pleading in this State. In the case of *Turner* v. *Stewart Mercantile Co.*, 94 *Ga.* 468, is embodied the idea that where the statute of frauds is relied upon as a defense, it should be pleaded, and can not be taken advantage of after verdict.

The decisions of our court upon the subject are sustained by an unbroken line of authority, from some of which we will now proceed to quote: "It is now well settled in this country, that in a suit at law or in equity upon a contract affected by the statute, the declaration or bill will be sufficient if it allege a contract generally, without stating whether it is in writing or not." Browne on the Statute of Frauds, § 505. The same author, in section 505 a., states that the general tendency of judicial opinion in England has been against the sufficiency of a bill in equity unless it alleged that the agreement was in writing. He adds, however, "At law, on the other hand, the rule in England has been (as both in equity and at law in this country), that it is sufficient since the statute, as it was before, to allege an agreement generally, which throws it on the defendant to allege that it is not in writing." Bliss on Code Pleading, § 312, after quoting the text from Stephen above cited, says: "The rule as thus given by Mr. Stephen referred especially to contracts and conveyances required by the statute of frauds to be in writing; and, under it, it was held to be sufficient to charge the defendant's liability as before its adoption, leaving it to be pleaded, or, if the contract be denied, to be enforced in submitting evidence. Thus, the statute, instead of affecting the statement of the facts constituting the cause of action, although an additional fact was rendered necessary, only required the party to show, upon the trial, that he had complied with it." 1 Estee's Pleadings, § 320, declares: "In pleading a contract which the statute of frauds requires to be in writing, e. g., a contract relating to lands, it is not necessary to allege the facts relied on to take the case out of the statute. It is sufficient on demurrer to allege that a contract was made. Such an allegation is to be understood as intending a real contract—something which the law would recognize as such.

There is no reason for departing, under the code, from the former well-settled rules in law and equity. The existence of a writing in such case is a matter of evidence; it is not one of the pleadable facts." "Thus, a complaint upon an undertaking to answer for the debt of a third person is good, though it does not allege that either the promise or the consideration was in writing." See also 8 Am. & Eng. Enc. L. 745, and cases cited. Applying these well-established principles to the facts in this case, it follows that the court erred in sustaining the demurrer.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Cobb, J., who were disqualified.*