### 8965. AMOS *v.* CONTINENTAL TRUST CO.

1. The assumption and payment of the liabilities of the bank furnished a sufficient consideration for the obligation, entered into by the directors, to hold the trust company harmless, and the contract was not unilateral.
2. A surety may be sued separately from his principal (Civil Code, § 3559), and it is immaterial, under the facts of this case, whether the defendant in the lower court be treated as a guarantor or as a surety. *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (2) (57 S. E. 977).
3. It was not necessary to obtain judgment against the principal before proceeding against the surety or guarantor in this case. The contract was to pay the guaranteed amount upon the failure of Lewis to make "**prompt and punctual payment**" of the amount set opposite his name

in the contract, and his failure to do this was distinctly alleged in
the petition.

4. There is no merit in the contention, raised by the demurrer, that the
indemnity contract or bond of the directors was binding upon the
makers thereof only upon the further consideration that certain na-
tional banks would additionally guarantee and indemnify the company
against loss to an extent named. The trust company, under the terms
of the contract of guaranty, agreed to assume and pay off the liabili-
ties of the bank upon the condition that the makers of the bond fur-
nished to it would indemnify the company to the extent of $100,000,
and also upon a further agreement that certain banks should afford
additional indemnity. If the trust company undertook to pay off the
liabilities of the bank without exacting the performance of the addi-
tional condition, or if its performance was legally impossible, as con-
tended, this could not afford a reason for relieving Lewis as one of the
makers of the indemnity bond or for discharging his surety or guaran-
tor. From the contract it is plainly evident that the additional guaran-
tee did not become effective until after the guaranty of the directors was
exhausted, and it is therefore immaterial whether this additional guar-
anty was furnished the trust company or not.

5. While a bank may not transfer its assets for the purpose of consolidat-
ing with another bank, without the consent of "two thirds of the stock
of each bank" (Civil Code, § 2303), it is competent for the directors to
arrange for the payment of its liabilities, if the bank itself be unable
to discharge the liabilities in due course, and for this purpose they
may borrow money or arrange for such payment by another bank. See
Wyman v. Wallace, 201 U. S. 230 (26 Sup. Ct. 495, 50 L. ed. 738).

(a) At all events one of the directors making the contract whereby the
payment of the bank's obligations was secured can not himself attack
the contract because not authorized by two thirds of the stockholders,
nor can his surety do so.

6. The exception to the sustaining of the demurrer to the defendant's
answer can not be considered, under the decision in Turner v. Camp,
110 Ga. 631 (36 S. E. 76), the second headnote of which is as follows:
"While a defendant in an action may before its final termination bring,
to this court for review a decision overruling a demurrer to the plain-
tiff's petition because the 'judgment complained of, if it had been ren-
dered as claimed by the plaintiff in error, would have been a final
disposition of the cause,' such defendant can not, in a bill of excep-
tions sued out in such a case, properly except also to a decision strik-
ing his answer or a portion thereof." See also Cox v. Hardee, 135 Ga.
85 (68 S. E. 932). The ruling of this court in the case of Harrison
v. Douglas, 16 Ga. App. 693, 697 (85 S. E. 970), in which it was said
by Chief Judge Russell that, "there being no question of this court's
jurisdiction to deal with the writ of error [error being likewise as-
signed therein upon the overruling of a demurrer to the plaintiff's peti-
tion], we deem it proper at this time to dispose also of the question
presented by the ruling of the lower court upon the demurrer to the
answer," is erroneous and will not be followed, in so far as it may be
in conflict with the rulings of the Supreme Court cited above.

7. It does not appear that the trial judge abused his discretion in referring this case to an auditor, and there is no merit in the exception based thereon.

8. The numerous special grounds of the demurrer and other grounds not specifically passed upon are without merit.

                    DECIDED MAY 16, 1918.

Action upon guaranty; from Bibb superior court—Judge Mathews. April 18, 1917.

*W. D. McNeil, C. H. Garrett,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.

WADE, C. J. The Continental Trust Company brought suit against Mrs. Tero C. Amos for $20,000. She demurred to the petition generally and specially and filed an answer, various portions of which were demurred to by the plaintiff. The court overruled the demurrer to the petition, and sustained the plaintiff's demurrer as to various paragraphs of the answer, and struck certain paragraphs, and ordered that other paragraphs be stricken unless amended to meet special grounds of the demurrer. Thereupon the case was referred to an auditor, upon proper application; the order of the court reciting that it appeared that the cause involved complicated and intricate questions of account, and that the facts and circumstances of the case were such as to make a reference to an auditor proper and necessary. The defendant filed a bill of exceptions, assigning error on the overruling of her demurrer to the petition, and upon the sustaining of the plaintiff's demurrer as to certain paragraphs of the answer, and upon the action of the court in referring the case to an auditor.

The suit was based upon an alleged contract of guaranty, and the facts, as stated in the petition under which the contract was entered into and upon which it was claimed the liability of the defendant arose, were briefly as follows: The Commercial & Savings Bank was a banking corporation doing business in the city of Macon, and on August 1, 1914, made application to the Continental Trust Company to pay off for it all of its indebtedness to its depositors and other creditors, proposing to transfer as security for such payment its entire assets of every kind and character. The trust company concluded, after examination, that the assets of the bank were insufficient to pay off its ascertained liabilities, and declined to assume the payment thereof on this security. To induce the trust company to assume the payment of the bank's

indebtedness, certain of its directors proposed that if the trust company would assume and pay the liabilities of the bank, "they would guarantee and indemnify and hold harmless" the said trust company against any loss it might sustain by reason of any deficiency in the amounts realized on the assets of the bank (which were to be transferred to the trust company, for the purpose of paying so far as possible the liabilities of the bank), the amount of this guaranty aggregating $100,000. A copy of the bond executed by the directors is attached to the petition and follows hereafter, and it appears therefrom that these directors agreed to secure the respective amounts set opposite their names in the bond. One of the directors who signed this bond was E. N. Lewis, who bound himself to the extent of $20,000 only; and, to insure the performance of the obligation assumed by him "and the punctual payment by him of the amount set opposite his name in said instrument," Mrs. Amos, the plaintiff in error, executed the instrument which is the basis of this suit. This obligation on the part of Mrs. Amos was a separate agreement, written on the bond, and bore the same date, and was made and delivered before the trust company undertook to assume the payment of the indebtedness of the bank, and its assumption of such indebtedness was partly in consideration of this guaranty. The assets of the bank were converted into cash and applied to the payment of the various amounts advanced by the trust company in paying all its indebtedness, but, after applying everything realized from this source, there remained a deficiency of more than $100,000, the total amount guaranteed by the several directors. The directors were called upon to make good the amounts which they had severally guaranteed, and the director Lewis failed and refused to respond to this demand; whereupon suit was instituted to require Mrs. Amos, as a guarantor, to comply with her obligation.

The bond executed by the directors and the undertaking entered into by Mrs. Amos appear in the record as follows:

"Georgia, Bibb county.

Know all men by these presents, that whereas the Commercial & Savings Bank, of this city, is unable to meet in due course its obligations to its depositors and other creditors, and whereas, by resolution of their respective boards of directors, the Commercial & Savings Bank and the Continental Trust Company have agreed

that said Commercial & Savings Bank will transfer, assign, and deliver to said Continental Trust Company all of the assets of said bank, and that said company will assume the payment of the liabilities of said bank shown on a list of said liabilities furnished by said bank to said company, upon condition that the undersigned as directors of said bank will guarantee and indemnify against loss the said company on account of the assumption of said liabilities as herein set out, and upon the further condition that the four national banks in the city of Macon will additionally guarantee and indemnify said company against loss to the extent of seventy-three thousand ($73,000.00) dollars, and shall advance such moneys as may be necessary to meet withdrawals of deposits which shall not be immediately redeposited in said company; now, therefore, the undersigned, each for himself, and not one for the other, as sureties, hereby agree and bind themselves unto each other and unto the Continental Trust Company that they will guarantee and indemnify and hold harmless the said Continental Trust Company against any loss which it may sustain by reason of any deficiency in the amounts realized on the assets of said bank in the payment of the liabilities of said bank in the respective amounts set opposite the name of the undersigned, and no further, to wit:

| E. Y. Mallary | $25,000.00 |
|---|---|
| E. N. Jelks | 25,000.00 |
| E. N. Lewis | 20,000.00 |
| J. J. Cobb | 15,000.00 |
| L. S. Dure | 5,000.00 |
| A. W. Lane | 5,000.00 |
| Cecil Morgan | 5,000.00 |

the said respective amounts, or such portion thereof as may be necessary, to be paid Continental Trust Company as demanded by it; and in the event of the payment by any one of the undersigned of said respective amounts or any part thereof, the said Continental Trust Company shall, upon a final liquidation of the affairs of the said bank, and after accounting to the national banks for the amounts advanced by them, account to the undersigned respectively for any surplus remaining out of said assets after the payment of the liabilities of said bank, in proportion to the amounts so paid in by the undersigned.

The undersigned further agree that they will execute and deliver to the Continental Trust Company their several notes evidencing their respective obligations hereunder, and will secure the same in such manner as may be satisfactory to said company; and in the event such security is given, said Continental Trust Company shall not be liable or responsible to either of the undersigned for a failure to record the instrument evidencing such security or to promptly enforce the same, but it is the purpose and intent of this agreement that a reasonable time shall be given to the undersigned to respond to such demands as may be made upon them, taking into consideration the exigencies of such situation as may arise and the demands for payment which may be made upon said company by the creditors of said bank.

In witness whereof the parties hereto have hereunto set their hands and affixed their seals and delivered these presents this August 3, 1914.

(Signed)   E. Y. Mallary   (L. S.)

E. N. Jelks   (L. S.)

E. N. Lewis   (L. S.)

J. J. Cobb   (L. S.)

A. W. Lane   (L. S.)

Cecil Morgan   (L. S.)

Leon S. Dure   (L. S.)

Georgia, Bibb county. The undersigned, Mrs. Tero C. Amos, contemporaneously with the execution and delivery of this instrument and as a part thereof guarantees the prompt and punctual performance of the obligation of said E. N. Lewis and the prompt and punctual payment by him of the amount set opposite his name in said instrument; and I further agree that in the event said E. N. Lewis shall execute and deliver, as hereinabove provided, his note evidencing the amount of his obligation, to indorse the same as security.

Witness my hand and seal and the delivery of these presents this August 3rd, 1914. ﹨ [Signed] Mrs. Tero C. Amos (L. S.)"

The points raised by the various grounds of the demurrer to the petition, which were overruled, are sufficiently indicated in the headnotes above, so far as it is deemed necessary to pass specific-

ally thereon. So also the remaining questions raised in the record are disposed of.

As indicated above, the ruling of the court below on the demurrers to the answer can not be considered; and the judgment overruling the demurrer to the petition is affirmed, as is also the judgment appointing an auditor to hear and determine the issues of law and fact in this proceeding.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*