## 15859. WESLEY v. LEWIS BROTHERS.

JENKINS, P. J. 1. The evidence, though in sharp conflict, fully authorized the finding that the plaintiff in error, who was one of the defendants in the court below, became responsible with the other defendants, to whom the goods were furnished, for the payment of the account sued on.

2. A surety may be sued separately from his principal. Civil Code (1910), § 3559; *Amos* v. *Continental Trust Co.*, 22 *Ga. App.* 348 (2) (95 S. E. 1025). See also *Cooper* v. *Cochran Cotton Mills*, 30 *Ga. App.* 343 (118 S. E. 68); *Draper, Moore & Co.* v. *Macon Dry Goods Co.*, 103 *Ga.* 661, 663 (30 S. E. 566). Accordingly, the fact that service was not perfected upon the principal debtor to whom the goods were furnished would not affect the validity of the judgment properly obtained against the surety.

3. The granting of new trials on newly discovered evidence is not favored by the courts. Relief can be properly granted upon such an extraordinary ground of a motion for new trial only where it is made to appear that ordinary diligence could not have discovered and produced the evidence thus offered, and it must appear that the witness is fully accredited in the manner provided by law, and that the newly discovered testimony as set forth in the motion is material and relates to a new, specific, and substantive fact, not merely cumulative, or impeaching in its nature, such as should and probably would change the result of the former verdict. Such an extraordinary ground of a motion is addressed to the sound legal discretion of the court; and where the newly discovered testimony is met by a counter-showing, the judge has a broad discretion as trior, and his judgment will not be controlled unless it has manifestly been abused. *Cohen Co.* v. *Brown*, 21 *Ga. App.* 668 (1) (94 S. E. 811); *Wright* v. *State*, 18 *Ga. App.* 705 (90 S. E. 285); *Hayes* v. *State*, 16 *Ga. App.* 334 (85 S. E. 253). In the instant case, assuming that the motion might otherwise have been sufficient to meet the requirements of law, it is nevertheless true that, in view of the strong counter-showing which was made, this court would be unauthorized to say, as a matter of law, that on another trial the newly discovered evidence should and probably would change the result, and that the trial judge abused his discretion in overruling the motion. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1925.

Complaint; from Fayette superior court—Judge Searcy. July 11, 1924.

In the judgment refusing a new trial the judge of the superior court said: "This is an action on account, which originated in the justice court. The court below rendered a judgment for the plaintiff. From this judgment the defendant Wesley (none of the other defendants having been served they did not appear) filed his appeal to this court. This appeal came for trial during the March term of court, and a verdict was returned by the jury in

favor of plaintiff and against defendant Wesley. Being dissatisfied with this verdict, Wesley duly made a motion for new trial, which was later by him amended, and this motion as amended, after continuances, was regularly heard and submitted and by me taken under advisement. After consideration of the record and proof submitted, I reach the following conclusion: The case on its trial in this court presented for decision by the jury issues of fact sharply in dispute between the parties, and, although the jury might have [rendered] a verdict in favor of either which would have been supported by some evidence, they settled these issues in favor of the plaintiff by their verdict. There is abundant evidence to sustain this verdict, and, there being no error of law complained of, the general grounds of the motion are without merit.

"By his amended motion the defendant Wesley seeks a new trial because of certain alleged newly discovered evidence. Assuming, for the purpose of this inquiry, that this evidence is newly discovered and material, and that movant's showing measures fully up to the rule in reference thereto, and so treating it, and after repelling the evidence objected to by movant which is irrelevant and illegal, it seems certain to me that another trial of this case, with the legal evidence submitted on this hearing all going to the jury, would not likely result in a different verdict. The witnesses for movant, purposing to testify to the newly discovered facts, are impeached both by proof of general bad character and contradictory statements which would render their evidence of little, if any, probative value.

"Having reached this conclusion, it follows that the motion for new trial is overruled."

*W. B. Hollingsworth,* for plaintiff in error.
*Culpepper & Murphy,* contra.