## 18984. Barnett et al. v. Ferris.

Jenkins, P. J. 1. A promissory note in which the obligation is written "I or we promise to pay," signed by a principal and indorsed on the back by sureties, is a joint and several obligation as to the principal and sureties signing it, and the holder of such a joint and several note may hold the obligors jointly or severally, may sue any one of the signers alone, may sue the principal and sureties jointly, or, at his option, he may sue either the principal or the sureties alone. The fact that on the death of one of the sureties the plaintiff may dismiss his suit against that surety, without prejudice, and proceed against the remaining defendants, does not operate as a discharge in favor of the other sureties. Reid v. Flippen, 47 Ga. 273; Booth v. Huff, 116 Ga. 8 (42 S. E. 381, 94 Am. St. Rep. 98); Brooks v. Thrasher, 116 Ga. 62 (2) (42 S. E. 473); Heard v. Tappan, 116 Ga. 930 (1) (43 S. E. 375); McMillan v. Heard National Bank, 19 Ga. App. 148, 151 (91 S. E. 235); Johnson v. Georgia Fertilizer & Oil Co., 21 Ga. App. 530 (2, 3) (94 S. E. 850); Amos v. Continental Trust Co., 22 Ga. App. 348 (2) (95 S. E. 1025); McKibben v. Fourth National Bank, 32 Ga. App. 222 (5) (122 S. E. 891).

2. The court, in the absence of any request for special instructions, charged fully and fairly upon the principle that the release of the sureties would be effected by any act of the creditor which increased their risk, and the judgment in favor of the plaintiff can not be set aside on account of the judge's failure to go more specifically into the details of the defense relied upon by the defendants. In fact the judge specifically and at length charged upon the principle that if the contract of suretyship was induced by misrepresentations made to the sureties by the creditor, they would not be bound, and there was no evidence supporting the other contention set up by the plea, that the contract of the principal debtor was induced by misrepresentations made to the latter by the creditor, and that such fraud practiced upon the principal debtor by the creditor operated to increase the risk of the sureties.

Judgment affirmed. Stephens and Bell, JJ., concur.

Decided January 22, 1929.

A. L. Miller, for plaintiffs in error. George H. Perry, contra.