THOMASSON *v.* FARMERS AND MERCHANTS NATIONAL BANK *et al.*

556

*A. J. Camp* and *F. A. Irwin,* for plaintiff.

*John K. Davis,* for defendants.

BECK, P. J.  Grady Thomasson brought an equitable petition against Farmers & Merchants National Bank of Rockmart, hereinafter referred to as the bank, in which he alleged that petitioner, with J. R. Thomasson and A. Thomasson, executed a promissory note for the sum of $811.14, payable to the bank; that said note was given for money which was borrowed from the bank by J. R. Thomasson for his individual use; that petitioner and A. Thomasson signed the note only as accommodation indorsers; that after the execution of the note A Thomasson died; that after the maturity of the note the bank brought suit on the note against petitioner and J. R. Thomasson in the city court of Polk County, and judgment was rendered on the note against the two named defendants for the principal, interest, and attorneys' fees in favor of the bank. Grady Thomasson, contends in his petition that by the rendition of this judgment A. Thomasson and his estate were released from all liability on the note, and that the failure of the bank to have an administrator appointed for the estate of A. Thomasson and to join the estate as a party defendant was such aṇ omission or breach of duty which the bank owed to petitioner that the latter was released from all liability on the judgment.   Issuance of an execution on the judgment rendered is alleged; it was placed in the hands of the sheriff, and he is threatening to levy on and sell. petitioner's property thereunder.   Petitioner prays that the bank and the sheriff be restrained from further proceeding with the collection of the execution, and that the judgment and execution be declared null and void.   The bank filed an answer and demurrer. The court, after hearing evidence, refused an injunction; to which judgment the petitioner excepted.

The court properly refused an injunction in this case.   The note sued on, as shown by the evidence which was introduced at the

hearing, was a joint and several obligation, and the plaintiff could bring suit against one or all of the makers and indorsers. In *Barnell* v. *Ferris*, 39 *Ga. App.* 206 (146 S. E. 345), it was said: "A promissory note in which the obligation is written 'I or we promise to pay,' signed by a principal and indorsed on the back by sureties, is a joint and several obligation as to the principal and sureties signing it, and the holder of such a joint and several note may hold the obligors jointly or severally, may sue any one of the signers alone, may sue the principal and sureties jointly, or, at his option, he may sue either the principal or the sureties alone. The fact that on the death of one of the sureties the plaintiff may dismiss his suit against that surety, without prejudice, and proceed against the remaining defendants, does not operate as a discharge in favor of the other sureties." See also the cases cited by the Court of Appeals to support this ruling. But even if, where a note is made by one person and two others sign as accommodation indorsers, both indorsers, if both be in life, or the living indorser, if one be dead, and the representative of the estate of the dead indorser are necessary parties to a suit on a note like the one upon which the judgment in this case is based, the objection to nonjoinder of a party should be made by special demurrer. The defendants who were actually sued could not wait until after a judgment and raise the objection of the nonjoinder. The court did not err in refusing an injunction. *Judgment affirmed. All the Justices concur.*