## WOODWARD *v.* LAPORTE *et al.*

No. 10997.   FEBRUARY 19, 1936.

*Spence & Spence,* for plaintiff.

*T. M. Smith* and *Colquitt, Parker, Troutman & Arkwright,* for defendants.

BELL, Justice.   Harry P. Woodward filed a suit in equity against F. A. LaPorte, J. I. Lowry, sheriff, and a corporation alleged to be an agent of LaPorte.   The purpose of the suit was to cancel a deed made by the sheriff to LaPorte in pursuance of a sale under an execution in favor of LaPorte and against Woodward Properties Inc., and Harry P. Woodward.   It was alleged that the sale was void for two reasons:   (1) The debt represented by the execution was secured by a deed executed by Woodward Properties Inc., and the title "had not been revested" in Woodward Properties Inc. before the levy.   (2) At the sale by the sheriff the property was purchased by LaPorte for the grossly inadequate sum of $1000, the property at the time the loan was made having a current value exceeding $100,000, and being of the present value of $200,000, "except for the present temporary emergency" due to the existing "unprecedented depression," which has resulted in a complete collapse of land values.   The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

■   Where land is conveyed by a deed to secure a debt, and the grantee or his assignee obtains a judgment against the debtor and has the land levied on and sold under execution, without filing and having recorded a deed reconveying the land to the debtor, the levy and sale are void, and may be canceled, in proper case, at the instance of the debtor.   Code of 1933, § 67-1501; *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (6) (7 S. E. 546); *McCord* v. *McGinty,* 99 *Ga.* 307 (25 S. E. 667); *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649); *Hogg* v. *Truitt Co.,* 150 *Ga.* 139 (102 S. E. 826); *Corley* v. *Jarrell,* 40 *Ga. App.* 677 (150 S. E. 858).   The plaintiff relies upon this rule in the present case, claiming that while a purported deed of reconveyance was actually made to the debtor by LaPorte as a transferee of the debt, the security deed was

made to another person, and the property therein described was not conveyed to LaPorte with the assignment of the indebtedness or otherwise, and consequently he as transferee had no such title to the property as enabled him to reconvey it to the debtor for the purpose of levy and sale. Under the facts of the case there is no merit in this contention. The petition alleged that a previous suit had been filed against LaPorte by Woodward Properties Inc. and Harry P. Woodward, to enjoin a sale of the property about to be made by LaPorte as transferee, under a power of sale as contained in a security deed; that LaPorte filed a cross-action, on which, after a trial, judgment was rendered against each and all of the plaintiffs, and "especially against this petitioner," in the sum of $29,793.53, which judgment was made a special lien on the property conveyed by the security deed; and that the allegations made in that suit "are embodied herein by reference" as a part of the present petition. The former suit, including as an attached exhibit a copy of the security deed with certain transfers, was, at the instance of the plaintiff, brought up as a part of the record in the present case. It appears from this part of the transcript that the security deed was made to the Mortgage Company of Maryland Inc., its successors and assigns, and that the grantee duly assigned the debt and conveyed the property to Mercantile Trust Company of Baltimore, and Joseph R. Walker, trustee. The deed had upon it a subsequent transfer as follows:

"St. of Maryland City of Balt. For value received, the Merc. Tr. Co. of Balt. and J. R. W. Tr. sell, transfer, etc., to F. A. LaPorte, without recourse, all its interest and claim in the within deed and prop. desc., the note which the deed was given to secure, and for purpose of transferring the security for the payment of said note, interest, etc. This 3rd day of October, 1933.

Mer. Tr. Co.   J. R. Walker."

In this connection, the sole contention is that this transfer was insufficient to convey title to the land to LaPorte. The petition alleges in express terms that the transfer was recorded before LaPorte filed suit on the debt, and before he executed the reconveyance for the purpose of levy and sale, and raised no question as to the proper filing and record either of the transfer or of the reconveyance to the debtor. Thus the question for determination is whether the language of the transfer, as quoted, was sufficient to

convey to LaPorte the land described in the security deed, and thereby invest him with such title that he might execute a valid reconveyance to the debtor for the purpose of levy and sale. A transfer of the indebtedness and of the security deed alone would not have placed the title to the property in the transferee. A conveyance of title to land can not be made by the mere transfer of a deed. *Tillman* v. *Bomar,* 134 *Ga.* 660 (68 S. E. 504); *McCook* v. *Kennedy,* 146 *Ga.* 93 (90 S. E. 713). But where the transfer goes further and conveys the property described in the deed, this will be sufficient to pass the title, a formal deed of conveyance being unnecessary. *Hightower* v. *Haddock,* 153 *Ga.* 160 (111 S. E. 413); *Cross* v. *Citizens Bank & Trust Co.,* 160 *Ga.* 647 (6) (128 S. E. 898); *Edwards* v. *Decatur Bank & Trust Co.,* 176 *Ga.* 194 (167 S. E. 292). The transfer here in question is to be considered as a part of the plaintiff's petition, the allegations of which are to be construed most strongly against the plaintiff. Since the petition does not even attempt to explain its meaning, we think it is doing no violence to the language used, and is not assuming too much in reference to the abbreviations, to interpret the transfer as meaning that the Mercantile Trust Company of Baltimore and J. R. Walker, trustee, sell and transfer to F. A. LaPorte, without recourse, all their interest and claim in the within security deed and the property described therein, together with the note which the deed was given to secure. Accordingly, the transfer not only assigned the note and the security deed, but also conveyed the property described in the deed. It is true the word "convey" is not employed, but in this State no prescribed form is essential to the validity of a deed to land or personalty. If it is sufficient within itself to make known the transaction between the parties, no want of form will invalidate it. Code of 1933, § 29-104. In *Horton* v. *Murden,* 117 *Ga.* 72 (2) (43 S. E. 786), it was held that the words "grant," "bargain," or other technical words are unnecessary, and that any language showing an intent to convey is sufficient. It follows that the petition did not state any cause for cancellation upon the alleged ground that the deed from LaPorte did not serve to reinvest the debtor with title to the property for the purpose of levy and sale.

This leaves the complaint as to inadequacy of price to stand alone, without aid from any other circumstance. So presented, it

does not afford a sufficient ground for setting aside the sale and cancelling the deed. *Cox* v. *Henry,* 172 *Ga.* 609 (158 S. E. 296). In the recent case of *Kontz* v. *Citizens & Southern National Bank,* 181 *Ga.* 70 (181 S. E. 764), it was held: "'Inability to pay debt and unsaleableness of property, due to an existing general temporary depression of market values throughout the country, including the property in question, will not afford ground for injunction restraining a sheriff's sale of property levied upon under an execution based on a judgment of foreclosure of a security deed, although it is alleged that certain public improvements are being made that will enhance the value of the property, and that there is a reasonable prospect that the depression will end in a short time, when the property may be sold for more than sufficient to pay the debt and leave a substantial balance to the debtor." See also *VanDyke* v. *Martin,* 53 *Ga.* 221; *Tate* v. *Atlanta Joint Stock Land Bank,* 180 *Ga.* 631 (3), 640 (180 S. E. 112).

Aside from all that has been said above, the petition was properly dismissed because it did not contain an offer to pay the indebtedness. Under the facts, the plaintiff should not be granted the affirmative equitable relief of cancellation without paying or tendering the amount of the debt. *Biggers* v. *Home Building & Loan Association,* 179 *Ga.* 429 (176 S. E. 38) ; *Guardian Life Insurance Co.* v. *Collins,* 179 *Ga.* 444 (176 S. E. 39). It is argued that this principle does not apply in the instant case, because the plaintiff was not the maker of the security deed, but was liable only as an accommodation indorser or surety, and as such was entitled to have the property of the principal debtor, the grantor in the security deed, lawfully and fairly brought to sale, and applied toward the payment of the debt, before being himself called upon for payment. There is no legal foundation for this contention. A surety is an original debtor, and his contract is equally absolute with that of his principal. They may be sued in the same action, or the surety may even be sued first. *Manry* v. *Waxelbaum Co.,* 108 *Ga.* 14 (33 S. E. 701) ; *Musgrove* v. *Luther Publishing Co.,* 5 *Ga. App.* 279, 283 (63 S. E. 52). But "if the surety is sued separately from his principal, on payment by him of the judgment against him he shall be entitled to control the judgment and execution against his principal in the same manner as if the judgment and execution were joint." Code of 1933, § 103-309.

736

*Amos* v. *Continental Trust Co.,* 22 *Ga. App.* 348 (2) (95 S. E. 1025) ; *Wesley* v. *Lewis,* 33 *Ga. App.* 783 (2) (127 S. E. 660). So the plaintiff in this case had the same duty as to payment or tender that his principal would have had; and the petition is subject to the same infirmity as if it had been brought by the principal debtor without such payment or tender.

*Judgment affirmed. All the Justices concur, except Russell, Chief Justice, who dissents.*

ATKINSON, Justice, concurs in the result.