26529. HICKS *v.* BANK OF WRIGHTSVILLE.

DECIDED JANUARY 14, 1938.

*Francis F. Shurling, W. M. Shurling, Emory L. Rowland,*. for plaintiff in error.

*Claxton & Claxton,* contra.

SUTTON, J. The Bank of Wrightsville filed suit to the May term, 1926, of the city court of Wrightsville against W. H. Smith and R. P. Hicks on a joint and several note. Smith was never served with a copy of the suit. A judgment by default was rendered against R. P. Hicks, on May 15, 1926, and on May 26, 1926, execution was issued in favor of the bank against W. H. Smith and R. P. Hicks. On November 14, 1927, R. P. Hicks paid $300 to the bank on such judgment, and on July 20, 1928, he paid the bank $117.75 on this judgment. On May 24, 1933, the judgment became dormant, and on November 23, 1934, a scire facias issued from the city court of Wrightsville, directed to R. P. Hicks, requiring him to show cause why such judgment should not be revived. The defendant in his answer set up that his liability had been in-

234

creased, and that he had been discharged from liability on the judgment, because no judgment was rendered against W. H. Smith, the principal, on the note. The case was submitted to the judge on an agreed statement of facts, and he ruled in favor of the defendant, denying the application to revive such judgment. The bank made a motion for new trial, which was granted, and the exception here is to that judgment.

1. The holder of a joint and several note may sue the principal and surety jointly, or at his option he may sue either the principal or surety alone. *Barnett* v. *Ferris,* 39 *Ga. App.* 206 (146 S. E. 345), and cit.; Code, §§ 103-303, 103-309; *Brooks* v. *Thrasher,* 116 *Ga.* 62 (2) (42 S. E. 473) ; *Burson* v. *Shields,* 160 *Ga.* 723 (7) (129 S. E. 22) ; *Thomasson* v. *Farmers & Merchants Bank,* 170 *Ga.* 555 (153 S. E. 419). Accordingly, where suit was brought against the principal and surety on a joint and several note, but service was not perfected on the principal debtor, this would not affect the validity of the judgment properly obtained against the surety. *Wesley* v. *Lewis,* 33 *Ga. App.* 783 (2) (127 S. E. 660). "Where a verdict and judgment are had against two defendants, on a joint and several contract, and it appears that one was never served, the verdict and judgment are void only as to the one not served; the other can take no advantage of the error." *Kilchens* v. *Hutchins,* 44 *Ga.* 620 (4).

2. When a scire facias proceeding was brought to revive a dormant judgment rendered against a surety on a joint and several note, and the defendant objected to the revival of such judgment on the ground that his liability had been increased and that he had been discharged from liability thereon because no judgment was rendered against the principal on the note, although no service of the suit was had on said principal, it was error for the judge to refuse to revive the judgment for that reason.

3. It follows that the judge did not err in granting a new trial, where he had erroneously refused to revive the judgment, as above stated.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*