**UNITED STATES of America for Use and Benefit of, APEX ROOFING AND INSULATION, INC., Plaintiff–Appellee,**

v.

**UNION INDEMNITY INSURANCE COMPANY OF NEW YORK, SVS Building & Development Company, Inc., Defendants,**

**Ed Hradesky d/b/a Chematics of PA(s), Defendant–Appellant.**

No. 88–3481
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1989.

Mark S. Peters, Stevens & Peters, P.A., Merritt Island, Fla., for defendant-appellant.

Vicki L. Smith, Sloop & Smith, Orlando, Fla., for plaintiff-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an action under the Miller Act, 40 U.S.C. secs. 270a and 270b. Hradesky appeals the district court's denial of his motion to dismiss based on lack of subject matter jurisdiction and the district court's conclusion that the plaintiff acted reasonably to mitigate damages.

Apex Roofing and Insulation, Inc. ("Apex") filed this action against Ed Hradesky individually and d/b/a Chematics of Pa(s) ("Chematics"), Union Indemnity Insurance Company of New York ("Union Indemnity") and S.V.S. Building and Development Corporation ("SVS"). SVS was the prime contractor under a United States government contract. Union Indemnity issued performance and payment bonds on the project. Hradesky d/b/a Chematics was a subcontractor. Apex contracted with Chematics to do some roofing work on the project. SVS failed to make payments to Chematics, and Chematics in turn failed to pay Apex what was due under their agreement.

Before the start of trial the court dismissed Union Indemnity; plaintiff never perfected service of process on Union Indemnity because Union Indemnity was and is bankrupt. After a bench trial, the court entered judgment against Chematics and SVS. The judgment against SVS was by default.

Hradesky contends that the failure to serve Union Indemnity divested the district court of jurisdiction over the state law claims against him. Apex claimed jurisdiction under 40 U.S.C. sec. 270b which provides in pertinent part: "Every person who has furnished labor or material [under a] contract, in respect of which a payment bond is furnished under ... this title ... shall have the right to sue on such payment bond ... in the United States District Court...." The jurisdiction conferred by section 270b turns on whether the suit is brought on a payment bond furnished under the Miller Act. Jurisdiction is limited to suits on the bond, not to suits against the surety who issued the bond.

The payment bond in this case provides that "the Principal [SVS] and the Surety [Union Indemnity] ... are firmly bound ... for the payment ... jointly and severally ... Surety binds itself, jointly and severally with the Principal, for the payment of such sum...." "The holder of a joint and several note may sue the principal and surety jointly, or at his option he may sue either the principal or surety alone." *Hicks v. Bank of Wrightsville*, 57 Ga.App. 233, 234, 194 S.E. 892 (1938). "The principal ... may be pursued without reference to the surety...." J.L. Elder, *The Law of Suretyship* sec. 1.4 (5th ed. 1973); *McKenzie v. Standard Accident Ins. Co.*, 189 S.C. 475, 1 S.E.2d 502, 507 (1939) (holding that action may be maintained against principal alone). "A release of the surety does not affect the liability of the principal." 72 C.J.S. Principal and Surety sec. 181 (1987).

SVS was jointly and severally liable under the payment bond in this case. The valid Miller Act claim against SVS provided

the district court with jurisdiction. Hradesky does not contend that ancillary jurisdiction is not properly invoked once a valid Miller Act claim is before the court: "There [is] a long line of cases holding that the Court has ancillary or pendent jurisdiction over claims between the contractors, subcontractors and materialmen once and if Miller Act jurisdiction is established." Appellant's Initial Brief at 11. We decide only that the district court had jurisdiction under 40 U.S.C. sec. 270b to hear the suit against SVS on its payment bond. Because Hradesky does not contest the issue, we assume without deciding that ancillary jurisdiction was proper.

Hradesky further argues that the district court erred by failing to reduce its damage award based on the Appellee's failure to mitigate its loss. The trial court determined that Apex acted reasonably at all times to mitigate its damages. After a review of the record, we find no error in the trial court's determination.

Accordingly, the judgment of the district court is AFFIRMED.