### 5683.  McREE *v.* QUITMAN OIL Co. *et al.*

WADE, J.  1. A "coadventurer" is one who takes part with others in an adventure or in a venture.  A "venture" is "an undertaking attended with risk, especially one aiming at making money; business speculation."  New Standard Dictionary.  A "promoter" may be either a person who assists (by securing or furnishing capital or otherwise) in starting or forwarding a financial, industrial, or commercial enterprise, as a joint-stock company or the like, or one who makes this his business.  Id.  "The persons who, for themselves or others, take the preliminary steps to the organization of a corporation are called promoters."  1 Thompson on Corporations, § 81.

2. "Until a corporation is legally organized, the coadventurers will be liable as partners for all debts contracted on behalf of the aggregate body, with their consent, either express or implied."  10 Cyc. 657.  "The promoters of a corporation are each individually liable for debts created in behalf of a proposed corporation, unless these debts are paid by the corporation after its organization."  *Meinhard* v. *Bedingfield,* 4 *Ga. App.* 176 (3), 179 (61 S. E. 34).  "Prior to the formal and complete organ-

ization of a corporation, the organizers of it may make provisional contracts in behalf of the corporation, which may become binding on the corporation after it begins business; but in the meantime, and until the corporation is legally organized, the promoters are liable as partners" (*Rosenheim Shoe Co.* v. *Horne,* 10 *Ga. App.* 582 (3), 586 (73 S. E. 953)); though one who was not a member when a debt was contracted can not be held liable on that particular debt. 1 Cook on Corporations, 235. Those organizing corporations and subscribing for its stock are referred to in *Meinhard* v. *Bedingfield,* and in *Rosenheim Shoe Co.* v. *Horne,* supra, as "promoters."

3. A "corporation is a de facto corporation where there is a law authorizing such a corporation and where the company has made an effort to organize under the law and is transacting business in a corporate name. . . Where a supposed corporation is doing business as a de facto corporation, the stockholders can not be held liable as partners, although there have been irregularities, omissions, or mistakes in incorporating or organizing the company." 1 Cook on Corporations, § 234. See also 2 Id. § 424.

4. Two coadventurers in a proposed corporation were sued as partners for the debts thereof (the others having been discharged in bankruptcy), and it appeared, from the undisputed evidence, that both were present and participated with the other promoters in originally effecting a partial organization for the purpose of conducting a specified business at a certain place; that it was then and there agreed by all present that a charter should be obtained, and both defendants subscribed for shares in the company, for which one thereafter paid in full and the other in part; that no charter was in fact ever applied for or obtained, and the company never became a de jure or de facto corporation, and this fact was manifestly known to both; that it was understood and agreed at the original meeting, when both defendants were present, that machinery to carry on the proposed business should be promptly purchased, and such machinery was afterwards installed with the knowledge of both parties sued as partners, and the business was actually conducted, under the intended corporate name agreed upon, for a period of two years from the date of the first agreement to organize and incorporate, with the knowledge of both of the subscribers sued as partners. It further appeared that Dr. Clower, one of these defendants, lived in the town where the business was operated, and knew how and by whom the same was conducted and that no charter had ever been obtained for its incorporation, knew of the proposal to purchase the particular machinery on account of which the suit was brought, and himself thereafter participated in negotiations looking to the purchase of additional machinery needed, and gave written authority to another to represent him in connection with the business, at any meeting held by those interested, during an extended absence on his part, and indorsed a note given in the name of the company in behalf of another creditor. It further appeared, with reference to one of the defendants—the Quitman Oil Company—that within a few weeks after the meeting, when the agreement to organize and incorporate was made, it complied with a request to pay a third of its subscription for stock, and afterwards paid $200 by check, payable to R. D. Edmondson, the person

who, according to some testimony, acted as secretary and treasurer of the proposed corporation (the Morven Gin Company), but was never afterwards called on to pay the remaining $400, and never in fact paid this balance or sought to ascertain if the charter had been granted, though its manager resided in the same county where the application for a charter would necessarily have been advertised; that soon after the payment of the $200, the Quitman Oil Company purchased a large amount of machinery necessary for the proposed business, for and in behalf of the proposed corporation. *Held,* that under these facts a finding in favor of the defendants was not authorized, and the verdict was therefore contrary to law, as both defendants were in legal effect "promoters" and "coadventurers."

*Judgment reversed. Broyles, J., not presiding.*

DECIDED FEBRUARY 18, 1915. REHEARING DENIED FEBRUARY 25, 1915.

Complaint; from city court of Quitman—Judge Long.  March 28, 1914.

*Branch & Snow, Whitaker & Dukes,* for plaintiff.
*Bennet & Harrell, King & Spalding,* for defendants.

### ON MOTION FOR REHEARING.

WADE, J.  A motion for rehearing was filed by the Quitman Oil Company on the sole ground that the court must have overlooked the fact disclosed by the evidence that this defendant was a corporation, and therefore incapable of entering into partnership relations, and that anything done by it through its manager which might have had the legal effect of rendering an individual liable as a partner, on account of debts incurred by the promoters of the Morven Gin Company, who neglected to take any of the necessary steps towards the incorporation of that proposed company, would be ultra vires and not binding on the Quitman Oil Company.

The question raised by the motion for rehearing, however, was not raised by the defendant's plea, and was nowhere presented in the record for determination, and was not even referred to in the briefs for the defendants in error, and this court, therefore, was not required to decide it.                          *Rehearing denied.*