7982.   POWERS *v.* BRUNSWICK-BALKE-COLLENDER COMPANY.

BROYLES, P. J. 1. There was some evidence which authorized an inference that the goods in question were shipped "order-notify:" If the goods were so shipped, then, under the other facts of the case, the plaintiff below had title to them at the time of the execution of the retention-of-title contract.

2. A corporation can not exist before its charter has been granted. Until the breath of life has been breathed into it by the law it is nothing— not even a corpse; for a corpse is the remains of something that once lived, and an embryo corporation has never even lived. Such an embryo corporation can not be a principal in any transaction, and, of course, not being a principal, can not have agents. In this case, the corporation not then being in existence, E. H. Spiro, the individual who attempted to act as its agent in purchasing the property in question, could not legally so act, and, under such circumstances, it must be held that the words following his name in the receipt and invoice, to wit, "in behalf of Macon Billiard Parlor," are mere descriptio personæ, or surplusage. It was a legal impossibility for a nonexistent corporation to become the purchaser of the property. An attempted sale of the personal property to such a "corporation," made to an individual who

claims to be an agent of the corporation but who gives his individual promissory notes for the balance of the purchase-price of the property, and who signs his individual name to a retention-of-title contract (which is duly and properly recorded), is in law a sale to the individual, and, until the purchase-price is paid, the title remains in the vendor, and the latter, by a suit in trover, can recover the property or its value from an innocent third person who has possession of the property and who purchased the same at a sheriff's sale, the goods having been sold as the property of "The Macon Billiard Parlors," a corporation not in existence at the time of the execution of the retention-of-title contract. This is true although there may have been an attempt in the first instance to sell the property to the individual as the agent of the embryo corporation, and although part of the purchase-price thereof was paid from a general fund put up by this individual and the other persons who were petitioning for the grant of the corporation's charter. The corporation not then being in existence, this fund was not the money of the corporation, but merely the money of the individuals. The fact that a charter was granted to the corporation shortly after the retention-of-title contract had been duly and properly recorded (in Spiro's name), is immaterial, the controlling question in the case being, under the law: Was the property sold to the "Macon Billiard Parlors," the corporation not then in existence, or to E. H. Spiro, the individual who purported to buy the property as agent of such "corporation," but who gave his individual notes for the balance of the purchase-price of the property, and who individually signed the retention-of-title contract for the purchase of the property? See *Florida Coca-Cola Bottling Co.* v. *Ricker,* 136 *Ga.* 411 (2), 416 (71 S. E. 734); *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111); *McCandlass* v. *Inland Acid Co.,* 112 *Ga.* 291, 294 (37 S. E. 419); *Atkinson* v. *Brunswick-Balke-Collender Co.,* 144 *Ga.* 694 (87 S. E. 891).

3. Upon the trial the plaintiff elected to take a money verdict for the value of the property sued for, and there was evidence which authorized the finding of the trial judge, sitting by consent without the intervention of a jury, as to the value of the property. While the burden is upon the plaintiff to establish such value by a preponderance of the evidence, the finding of a jury, or of the court sitting without the intervention of a jury, upon this question, will not be disturbed by this court where there is any evidence to support it.

4. The special grounds of the motion for a new trial are merely amplifications of the general ground that the verdict is contrary to law and the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED APRIL 5, 1917.

Trover; from city court of Macon—Judge Guerry. November 20, 1916.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.

*W. C. Turpin Jr.,* contra.