28555. McEACHIN *v.* KINGMAN.

Decided Nevember 15, 1940.  Adhered to on rehearing, December ɪ8, 1940.

*Harry S. Strozier, Thomas A. Jacobs Jr., Milton M. Ferrell,* for plaintiff.

*Jones, Jones & Sparks,* for defendant.

PER CURIAM. W. A. McEachin brought suit against R. H. Kingman to recover $2913.02 and interest from September 1, 1939, by reason of the following alleged facts: On or about August 23, 1937, the defendant made a contract with the plaintiff which provided as follows: "This letter confirms agreement on the part of the writer to immediately form a corporation and charter same for the purpose of bottling drinks in Macon, Georgia, said corporation to be known as Kingman Distributing Co. Inc., to fully finance the formation of said corporation, costs and installation of all machinery and equipment, materials and ingredients necessary for bottling drinks. and to finance the operation of said corporation. The said corporation does hereby employ you to install and operate the plant of said corporation, for a period of not less than two years from date of first operation, and to pay you for such services a salary of sixty ($60) dollars a week, beginning with your severance of your present work, and in addition to such salary to pay you a bonus of two cents for each case of 24 bottles of all drinks bottled by you, when sold by said corporation. Said bonus of two

cents per case to run for the period of two years from beginning of operation. Said corporation agrees to push sales in every way it thinks profitable, and to cooperate with you in every way it thinks profitable. In case there should be a shortage of ingredients and the corporation found it impossible to obtain same, or to bottle and sell their products profitably, or if for any other unforeseen reason the operation of said plant should become unprofitable, then said corporation shall not be bound to pay you any unearned salary. The corporation is to have the full benefit of your time, knowledge, and experience, and in consideration of the expense said corporation will have to go to, in purchase of equipment, machinery, materials, ingredients, rents, etc., you are to write out and turn over to said corporation such information pertaining to the processing of its products that would enable it to operate in case you are providentially hindered from carrying out your part of this agreement;" that in pursuance of said contract the plaintiff moved from Atlanta, where he was then living and working, to Macon, and began his duties under said contract; that the defendant organized said corporation, which engaged in the bottling business, and whose plant the plaintiff installed and thereafter operated from September 1, 1937, to September 1, 1939; that the corporation paid to the plaintiff all the salary due him under said contract during said two-year period, and paid him also the bonus in said contract provided for all drinks bottled by said corporation, except that it did not pay the plaintiff for beer bottled by it at said plant as hereinafter shown; that on or about April 15, 1938, said corporation began to bottle beer under a contract with the Schlitz Brewing Company of Milwaukee, Wisconsin, and from that time until September 1, 1939, said corporation, while the plaintiff was operating it under his contract as aforesaid, bottled 145,651 cases of beer, and all of said beer has been sold by the corporation; that the plaintiff, under his contract, is due two cents for each case of beer so bottled and sold, amounting to a total of $2913.02 and interest; that after said bonus in said amount became due the plaintiff demanded payment thereof from said corporation, but it failed and refused to pay the plaintiff, and said debt has never been paid to the plaintiff by said corporation or by the defendant; that the defendant, having been a promoter of said corporation, and the debt of the corporation to the plaintiff being and remaining unpaid, the defendant is liable

to pay the plaintiff said amount with interest as aforesaid. By amendment it was alleged that the corporation is now insolvent and that a judgment against it would be worthless.

The defendant demurred to the petition on the ground that no cause of action was set forth against him, and that under the facts alleged the defendant had fully complied with all of his undertakings, as set forth in the contract, and that any obligation owed to the plaintiff as alleged is owed by the corporation, which was organized by the defendant, and not by the defendant himself. The court sustained the demurrer, and the exception here is to that judgment.

The contract made between the promoter, who is the defendant, and the plaintiff, before the corporation was created, recites that the "corporation does hereby employ" the plaintiff to "install and operate" the plant of the corporation for a period of not less than two years from the date of the first operation, "and to pay you [plaintiff] for such services a salary of sixty ($60) dollars a week, beginning with your severance of your present work, and in addition to said salary to pay you a bonus of two cents for each case of 24 bottles of all drinks bottled by you, when sold by said corporation," and that "said bonus of two cents per case to run for the period of two years from beginning of operation." It is this last obligation which the plaintiff is suing on, and upon which he seeks to hold Kingman, the promoter, liable. We concede that the contract is one between the plaintiff and Kingman, and not one between the plaintiff and the non-existing corporation.

The question is, is Kingman, by the terms of the contract, liable to the plaintiff for a failure of the corporation, which was afterwards created, and for which the plaintiff afterwards went to work, to pay plaintiff the agreed bonus of two cents per case on bottles of beer that were sold by the plaintiff for the corporation? The plaintiff performed the services for the corporation and has not been paid therefor. The corporation, at the time the defendant entered into his obligation, was non-existent. The provision that the corporation "does hereby employ" the plaintiff to perform the specified services in the future, after the creation of the corporation, must necessarily mean that the corporation will employ the plaintiff to perform for the corporation the required services. There is nothing in this provision of the contract expressly obligating either

the defendant or the corporation to pay for the plaintiff's services to be performed for the corporation after it is created. It is not expressly agreed that Kingman is to pay for such services which the plaintiff is to perform for such corporation. The contract recites that the corporation "does hereby employ you" (the plaintiff) and "to pay you." This does not mean that Kingman is to pay the plaintiff, but must necessarily mean that the corporation is to pay the plaintiff. Therefore, there can be no liability on Kingman to the plaintiff for failure of the corporation, after employing the plaintiff, to pay him for his services, unless the contract is to be construed as an obligation or guaranty by Kingman that the corporation will pay the plaintiff for such services.

There are no words of guaranty, or obligation to pay, in the contract, except so far as may be contained in the provision quoted. In the provision quoted it is recited that the corporation is to pay the plaintiff for the services to be rendered to the corporation. The recital that the corporation will employ the plaintiff and pay him for his services is a provision whereby the plaintiff is to look to the corporation for his pay and not to Kingman. The contract contemplated that the services were to be rendered by the plaintiff to the corporation afterwards to be created, and that the corporation was to pay him for the services rendered. *Chicago Building &c. Co.* v. *Talbotton Co.*, 106 *Ga.* 84 (31 S. E. 809). We think the whole tenor of the contract is that the plaintiff is to look to the corporation for compensation for the two cents bonus, and not to Kingman, the promoter, and that the promoter is not liable to the plaintiff therefor. The provision in the contract that Kingman, was "to fully finance the formation of said corporation, costs, and installation of all machinery and equipment, materials and ingredients necessary for bottling drinks, and to finance the operation of said corporation" places no individual obligation or liability on Kingman to pay anything which the corporation might owe to the plaintiff for the services performed by him to the corporation. It only obligates Kingman to perform such services for the corporation. While it might obligate him to finance the "operation" of the corporation to the extent that the corporation would be able to meet its obligation to the plaintiff to pay for the services rendered by the plaintiff to the corporation, it does not obligate Kingman to pay the corporation's obligation to the plaintiff.

The situation here is different from that in cases where goods or services are received by the promoter and it was held that the obligation to pay therefor was his individual liability. The petition is not predicated on the theory that the defendant is liable for the reason that he failed to finance the operation of the corporation. The alleged agreement to finance the operation of the corporation is indefinite as to time, and there is no allegation in the petition as to what a reasonable time would be. Furthermore, an agreement to "finance" the operation of a corporation is itself an indefinite and uncertain term, and there is no allegation as to what it meant in the contract sued on. Neither is it alleged that the failure of the corporation to pay the plaintiff was due to the failure of the defendant to finance its operation. The petition failed to set out a cause of action against the promoter, and the court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. The issue here presented, as agreed by both parties, is whether or not the defendant, as promoter of the corporation, is liable to the plaintiff under the pleaded facts. In some States the liability of a promoter in a case of this kind is regulated by statute, but not in this State. While in some jurisdictions the ruling is to the contrary, it is the general rule, as stated by 1 Fletcher Cyclopedia Corporations, 719, § 215, "The liability of promoters on a contract entered into by them will depend upon the terms of the contract and the intention of the parties. They are not personally liable if it is understood that the other party shall look to the corporation only, provided the contract is one adoptable by the corporation, but they are liable in the absence of such an understanding;" and in the same work, p. 724, § 216, it is stated: "Both the promoter and the corporation are liable for adopted services, unless it clearly appears that liability of the promoter was not intended, or the contract provides that adoption shall work a release, or unless there is a novation." To the same effect are 13 Am. Jur. 252, § 113; 18 C. J. S. 532, 533, § 132.

The general rule is followed in this State, the latest pronouncement being in *Hagan* v. *Asa G. Candler Inc.,* 189 *Ga.* 250 (5 S. E. 2d, 739): "One who professes to contract as agent for another, when his purported principal is actually non-existent, may be held personally liable on the contract, unless the other contracting party

agrees to look to some other person for performance." See also *Wells* v. *Fay & Egan Co.,* 143 *Ga.* 732 (85 S. E. 873) ; *Meinhard* v. *Bedingfield,* 4 *Ga. App.* 176 (3), 179 (61 S. E. 34) ; *McRee* v. *Quitman Oil Co.,* 16 *Ga. App.* 12 (84 S. E. 487) ; *Powers* v. *Brunswick-Balke-Collender Co.,* 19 *Ga. App.* 706 (91 S. E. 1062). In the *Hagan* case (p. 258) it was said: "In every contract there is a legal presumption that the parties thereto intend that it shall be an enforceable obligation. This is true whether the principals actually enter into the contract by themselves or through the medium of agents. In cases where the contract is.entered into by an agent in the name of an existing principal, there is an additional presumption that the agent intended to bind the principal. For this to be true, however, it must appear, not only that the contract is entered into in the name of a principal who is in existence, but also that there is nothing in the contract indicating an intention to bind the agent. Where such appears from the contract, the legal inference is that the principal and not the agent is to be bound. On the contrary, where the contract is entered into by an agent in the name of a non-existent principal, no such inference is possible; for it would be a legal absurdity to assume that an agent intended to bind a principal who was not in existence. Under such circumstances, the agent having entered into a contract which as a matter of legal presumption he intends can be enforced, and it being manifestly impossible to enforce the contract against a principal who has no existence, it is assumed that the agent intended that the contract should be enforced against him." In the *Wells* case it was said: "Persons acting in concert to bring about the formation of a corporation are responsible for their acts. Where they buy machinery, receive it into their possession, and authorize one of their number to give a note for the purchase-price, they can not escape liability on the theory that they contemplated the organization of a corporation for which they intended the machinery. If one contracts as agent, when in fact he has no principal, he will be personally liable. A promoter, though he may assume to act on behalf of the projected corporation and not for himself, can not be treated as an agent of the corporation, for it is not yet in existence; and he will be personally liable on his contract, unless the other party agreed to look to some other person or fund for payment." In the *Powers* case it was ruled: "A corporation can not exist

before its charter has been granted. Until the breath of life has been breathed into it by the law it is nothing—not even a corpse; for a corpse is the remains of something that once lived, and an embryo corporation has never even lived. Such an embryo corporation can not be a principal in any transaction, and, of course, not being a principal, can not have agents." In the *Meinhard* case it was held: "The promoters of a corporation are each individually liable for debts created in behalf of a proposed corporation, unless these debts are paid by the corporation after its organization."

The allegations of the petition establish the following: The corporation organized by the defendant was not in existence at the time of the execution of the contract sued on. It failed, when organized, to pay the plaintiff the full amount he was entitled to by reason of his compliance with the contract. Under the authorities above cited the defendant must be regarded as entering into a contract which was enforceable. The corporation not being in existence, he could not be, and was not, at the time of the agreement, an agent of the corporation subsequently organized. Liability for services rendered by the plaintiff, therefore, devolved upon the defendant, unless, as shown by the decisions quoted from, the contract was one which evidences expressly or by implication that it was intended that the plaintiff look solely to the corporation for his salary and bonus or unless it appears from the petition, as admittedly it does not appear, that the plaintiff has been fully paid by the corporation. These principles are expressly admitted by the defendant in error to govern the decision of the case, but it is contended by him, and equally asserted to the contrary by the plaintiff in error, that the agreement shows that the plaintiff was to look exclusively to the corporation for a discharge of the obligations assumed towards the plaintiff.

The contract shows that the defendant proposed to organize the corporation and to finance it in certain respects named, and that the defendant was employed to install and operate the plant for a certain period, for which services he was to receive named compensation, and the petition shows that the plaintiff entered upon his duties and fulfilled his obligations, but that he has not been paid a certain amount of bonus for bottled beer. While the contract states that the "said corporation does hereby employ you," etc., such declaration does not state a fact cognizable in law, the corporation not

then being in existence, and the employment mentioned must, under the authorities cited, be taken as being the act of the defendant, fixing upon him a liability from which he could escape only in the event it could be said that elsewhere in the contract it is made clear that the plaintiff was to look solely to the corporation, when organized, for compensation, or unless he was released from liability by a proper construction of other provisions of the contract or unless the petition shows that he has been fully paid by the corporation. I do not think that the contract or the petition shows such exemption. It is contended by the defendant in error that liability could not reasonably be ascribed against the defendant, inasmuch as it appears that he has done all that he proposed to do. But this is not the test of his liability. He is liable to the full extent, if at all liable, that the corporation would be liable if existing at the time of the contract and if the defendant was acting as its accredited representative or agent, included in which liability is the obligation to pay the full amount of the compensation of the plaintiff.

Cases cited by counsel for the defendant in error as illustrating the soundness of its contention are distinguishable, in that under the agreements entered into the persons sought to be held liable were expressly exempted from responsibility beyond a stated amount or the contracts expressly provided that the parties were to look exclusively to the corporation to be formed by the promoters. Nor does the provision of the contract here involved, "In case there should be a shortage of ingredients, and the corporation found it impossible to obtain same, or to bottle and sell their products profitably, or if for any other now unforeseen reason, the operation of said plant should become unprofitable, then said corporation shall not be bound to pay you any unearned salary," show that the plaintiff was to look exclusively to the corporation to be formed. At most it goes only to a limitation of the contractual liability which, in the case of a non-existing corporation, is that of the promoter, and would afford him, where the subsequently organized corporation found itself faced with any of the distress mentioned, a protection against salary for the unexpired portion of the contract. Nothing being shown by the contract or allegations of the petition from which it could reasonably be said that the promoter in the present case was released from the liability under the contract, it follows

that under the general rule obtaining in this State the petition set out a cause of action against the defendant for the unpaid bonus and interest sued for, and I think the trial court erred in sustaining the general demurrer of the defendant.