### 39614.  SWINT v. FOUNTAIN.

RUSSELL, Judge.  1. Where the liability arising under a contract is joint and several rather than joint, the plaintiff may sue one, some, or all of the defendant contracting parties as he may elect for the entire obligation. *Savannah Bank &c. Co. v. Purvis,* 6 Ga. App. 275 (4) (65 SE 35); *Barnett v. Ferris,* 39 Ga. App. 206 (1) (146 SE 345) and citations.

2. An allegation that the defendant along with seven other persons, all being the heirs at law of a deceased debtor of the plaintiff, obligated themselves for a stated consideration inuring to the benefit of each as such heir, "jointly and severally as an original undertaking" to pay the debt, should, as against a general demurrer only, be considered as an allegation of fact and creates a joint and several obligation. *Parramore v. Williams,* 215 Ga. 179, 182 (109 SE2d 745).

3. Where, as here, the sole defendant files a plea of misjoinder of parties defendant alleging that the "petition shows on its face that . . . any obligation due plaintiff . . . would be severally only for one eighth each of same and

jointly only for the entire obligation," and a decision is rendered without the introduction of evidence by either side, the plea amounts to no more than a demurrer challenging the plaintiff's right, as shown by the petition, to sue the parties severally. Since this is permissible where the obligation is joint and several, it was error to sustain the plea.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 6, 1962.

*Casey Thigpen,* for plaintiff in error.
*Marshall L. Fountain,* contra.