42777. VENABLE et al. v. GRAGE et al.

Argued May 2, 1967—Decided September 5, 1967—Rehearing
denied September 21, 1967—

*Mitchell, Clarke, Pate & Anderson, Taylor W. Jones,* for appellants.

*Gambrell, Harlan, Russell & Moye, James H. Bratton, Jr., Sidney F. Wheeler, Dan McConaughey,* for appellees.

PER CURIAM. ■ The court's ruling on the appellants' first motion for summary judgment is not res judicata in their present appeal. On the appeal of the appellants' summary judgments the judgments were reversed on jurisdictional grounds not involving the merits of the grant of the summary judgments. It is too well settled to require citation of authority that the rulings in a case on technical grounds, not involving the merits do not constitute the law of the case. Besides, the additional motions involve additional material and in our view the court did not abuse its discretion in considering and deciding the second motions for summary judgment. *Suggs v. Brotherhood of Locomotive Firemen &c.,* 106 Ga. App. 563 (127 SE2d 827); *Stein Steel & Supply Co. v. Briggs Mfg. Co.,* 110 Ga. App. 489 (3) (138 SE2d 910); *Walker v. Small Equipment Co.,* 114 Ga. App. 603 (152 SE2d 629). Moreover, the appellee made a motion to dismiss the appellants' second motion for a summary judgment. This motion was denied by the trial court and no cross appeal from this judgment was filed.

■ Regarding the question of the existence of any genuine issue as to any material fact, none of the evidence on file, as summarized in the statement of facts hereinabove, would authorize a finding that the appellants were guilty of any of the first three allegations of negligence, namely: (a) racing, (b) failing to give way to the right in favor of an overtaking vehicle, and (c) increasing the speed of their vehicle before being completely overtaken. Neither the plaintiff nor witness Minnix, who, besides the defendant drivers, were the only ones whose testimony appears in the record, observed the automobiles of the defendants, including the appellants, prior to the collision. All of the testimony of the defendant drivers was consistent with the fact that, although they recognized one another at some point before the collision, they were not racing, and that appellant Venable, Jr. neither failed to give way to the right in favor of the overtaking vehicle, nor increased his speed, nor did anything which would have hampered the safe passing of his vehicle by that of defendant Hager.

There is no evidence in the record to support a finding that the action of the Venables was the proximate cause, or the concurrent or contributing proximate cause of the collision between the appellee and the defendant Hager. Therefore, the court erred in its judgment denying the appellants' motions for summary judgment.

*Judgment reversed. Felton, C. J., Hall and Eberhardt, JJ., concur.*