44173.  SAMS, Executor v. McDONALD et al.

HALL, Judge.  The executor appeals from the granting of a summary judgment for the defendant.  This appeal is related to the same case as the appeal considered in *Sams v. McDonald,* 117 Ga. App. 337 (160 SE2d 594) in which the facts are stated (cert. dismissed, *McDonald v. Sams,* 224 Ga. 381 (162 SE2d 296)).

1. In *Sams v. McDonald,* supra, p. 345, the grant of a summary judgment in favor of the defendant Mrs. McDonald was reversed, the court observing that if there had been evidence negating the allegation of inceptive fraud the summary judgment would have been proper.  Upon remittitur to the trial court after that decision Mrs. McDonald again made a motion for summary judgment presenting additional evidence including her affidavit stating, ". . . at the time she signed the application for a share account with Mr. Lanier R. Billups, in the DeKalb County Federal Savings & Loan Association, there was no promise by her or request for a promise from her that she would use the account solely for Mr. Billups' benefit in paying medical, hospital and doctor bills due to his physical incapacity and sickness.  Deponent further says that no request was ever made upon her by anyone for the making of any withdrawal on said account prior to Mr. Billups' death."  In *Sams v. First National Bank,* 119 Ga. App. 96 (166 SE2d 394), the same evidence was held sufficient to pierce the same "inceptive fraud" allegations with respect to a joint bank saving account.  In that case evidence presented by the executor, which is also presented in the present case, was held insufficient to create a material issue in rebuttal to the evidence piercing the executor's pleadings.  The trial court did not err in admitting the additional evidence and granting the summary judgment.

2. The trial court did not err in denying the plaintiff's motion to dismiss the defendant's second motion for summary judgment with which additional evidence was submitted.  "While we certainly do not approve in general of the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised, we do not believe the rules

548

prohibit the consideration by a trial court of a second motion of this nature." Allstate Finance Corp. v. Zimmerman, 296 F2d 797, 799 (5th Cir. 1961); Brownfield v. Landon, 307 F2d 389, 393 (D. C. Cir. 1962); *Venable v. Grage,* 116 Ga. App. 340, 347 (157 SE2d 519). Cf. *Suggs v. Brotherhood of Locomotive Firemen & Enginemen,* 106 Ga. App. 563, 564 (127 SE2d 827); 6 Moore's Federal Practice 2258, § 56.14 [2].

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED JANUARY 14, 1969—DECIDED APRIL 11, 1969.

*Sams & Sams, Augustine Sams,* for appellant.

*Weekes & Candler, John Wesley Weekes, Gary M. Sams, Bonneau Ansley,* for appellees.