### 45274. AETNA CASUALTY & SURETY COMPANY v. ALUMINUM COMPANY OF AMERICA et al.

ARGUED APRIL 6, 1970—DECIDED JULY 10, 1970—
REHEARING DENIED JULY 29, 1970.

326

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for appellant.

*Sanders, Hester, Holley, Ashmore & Boozer, Richard A. Slaby,* for appellees.

QUILLIAN, Judge. 1. The defendant contends that the affidavit of W. R. Dague, the plaintiff's credit manager, was not sufficient to carry the burden of proving that the material was used in the "prosecution of the work." The affidavit stated in part that: the plaintiff furnished the materials that "were used" in the construction of the hospital; that the direct contract of Aluminum Company of America with the sub contractor of George A. Fuller Company, Inc. was for material which was used and reasonably required for use in the performance and fulfillment of the said contract between George A. Fuller Company, Inc., and Richmond County Hospital Authority.

The defendant argues that the credit manager should not be allowed to testify that the materials were actually used in the construction of the hospital because that fact would be outside his sphere of operations. With this contention we cannot agree. While it is true that a mere conclusion is not admissible, the affidavit states as a matter of fact that the materials were used in the construction. The affidavit further states that such fact was within his personal knowledge and that he was competent to testify as to the matters stated. The affidavit was sufficient to establish that the materials were used in the prosecution of the construction of the hospital. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Ingalls Iron Works Co. v. Standard Acc. Ins. Co.,* 107 Ga. App. 454 (130 SE2d 606).

2. The appellant argues that the action should have joined the principal as a party to the claim.

The bond itself provided: "for the payment whereof principal and surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents." The rule often stated is that where liability under a contract or note is joint and several the plaintiff may sue the obligors jointly or severally, or sue any one of the signers alone. On such an obligation he may sue the principal and the surety

jointly, or at his option he may sue either the principal or the surety alone. *Bank of Madison v. Bell,* 30 Ga. App. 458 (3) (118 SE 439); *Hicks v. Bank of Wrightsville,* 57 Ga. App. 233, 234 (194 SE 892); *Swint v. Fountain,* 106 Ga. App. 509 (127 SE2d 381), and cases cited.

Although the 1956 amendment (Ga. L. 1956, pp. 340, 343) to *Code* § 23-1708, omits the language that the person doing work or furnishing skill, tools, machinery or materials to the contractor "shall have a right of action against said contractor and the surety on said bond, or against either of them," we find no legislative intention to prohibit a bond of this type providing for joint and several liability. There are many cases with regard to sheriff's bonds holding that where the liability is joint and several the surety may be sued without joining the sheriff. *Cone v. American Surety Co.,* 29 Ga. App. 676, 679 (116 SE 648); *National Surety Corp. v. Boney,* 215 Ga. 271, 273 (110 SE2d 406).

Under the terms of the bond the plaintiff was not precluded from seeking relief against the surety alone.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*