## 47274.   PERKINS v. P. L. W., INC.

EBERHARDT, Presiding Judge. 1. Where one corporation sues a debtor on account for merchandise sold and entrusted to the debtor by plaintiff corporation, and the itemized account attached to the corporation's motion for summary judgment shows that a part of the indebtedness sued for is owed, if at all, to another corporation, it is error to grant summary judgment to the plaintiff corporation for the total amount of the indebtedness. See *Williams v. Appliances, Inc.,* 91 Ga. App. 608 (86 SE2d 632); *Gilham v. Stamm & Co.,* 117 Ga. App. 846 (162 SE2d 248); *Gaines v. Sheldon Simms Co.,* 119 Ga. App. 870 (169 SE2d 126); *National Advertising Co. v. North American Ins. & Realty Co.,* 122 Ga. App. 481 (177 SE2d 510).

2. While there may be sufficient reasons as to why the indebtedness, originally owed to the second corporation prior to the incorporation of plaintiff corporation is now

legally owed to plaintiff corporation, the latter does not carry its burden of so showing on its motion for summary judgment by stating merely that it "was" the second corporation prior to its own incorporation. See generally *Atlanta Newspapers, Inc. v. Doyal,* 84 Ga. App. 122 (65 SE2d 432). It is essential that it be shown by competent evidence that the corporations are the same, a change of name having been effected, or that the account has been assigned to plaintiff, or that in some other lawful manner plaintiff has acquired ownership of the account, so that the defendant will be in no danger of having to pay the same obligation again. Perhaps this can be made to appear on a second motion for summary judgment (*Sams v. McDonald,* 119 Ga. App. 547 (167 SE2d 668); *Venable v. Grage,* 116 Ga. App. 340 (1) (157 SE2d 519); *Suggs v. Brotherhood of Locomotive Firemen & Enginemen,* 106 Ga. App. 563, 564 (127 SE2d 827)), or certainly upon a trial of the case.

*Judgment reversed. Deen and Clark, JJ., concur.*

SUBMITTED MAY 25, 1972—DECIDED JUNE 9, 1972—
REHEARING DENIED JULY 7, 1972.

*Frank A. Bowers,* for appellant.

*Wilkinson, Nance & Wittner, Shelton R. Wittner,* for appellee.