## 48267. GREGORY v. VANCE PUBLISHING CORPORATION.

CLARK, Judge. This appeal in a suit on an open account is from a summary judgment rendered for Vance Publishing Corp. as plaintiff against R. M. Gregory, individually, who was a co-defendant with a corporation known as Gregory Advertising, Inc. Both defendants, the individual and his corporation, using "Gregory Advertising" as their trade name. That trade name is stated on the itemized account attached as exhibit A to the complaint. Separate answers were filed by each defendant. In both answers there was a denial of the debt.

Plaintiff moved twice for summary judgment. On its first effort it relied solely upon the affidavit of its credit manager, William C. Vance, and its business records. The order denying the first summary judgment motion recited that "After consideration of the pleadings, the affidavit of Mr. William C. Vance, and argument of counsel, it is my opinion there remains a question

of material fact as to whether the alleged account was made by an individual or a corporation." (R. 19).

Thereafter, obviously to determine this single fact, plaintiff filed requests for admission of facts under Code Ann. § 81A-136 (a). A response was made to each of these requests by Gregory "Individually and as President of Gregory Advertising, Inc." He admitted the corporation was created on December 2, 1970, and that payments on the account had been made to plaintiff in varied amounts on different dates. The other responses did not specifically deny the obligation but stated that the defendant "[I]s unable to admit owing plaintiff any sum whatsoever for want of sufficient information." (R. 30).

The trial judge then rendered judgment for plaintiff against the defendant individually. His order recited that "After considering the requests for admission, response to requests for admission, affidavits on file, and pleadings, it is hereby determined that the plaintiff has pierced the answers of R. M. Gregory, Ind., and f/d/b/a/[1] Gregory Advertising." This appeal followed. *Held:*

1. The trial court and counsel for both parties recognized that it is permissible for a party to make more than one motion for summary judgment. *Suggs v. Brotherhood &c.,* 106 Ga. App. 563, 564 (127 SE2d 827); *Venable v. Grage,* 116 Ga. App. 340, 347 (157 SE2d 519); *Sams v. McDonald,* 119 Ga. App. 547 (167 SE2d 668). In fact, the course of action adopted here by Hon. Thomas L. Camp, the trial judge, in specifying the sole material fact that he regarded as issuable and which caused his denial of the first summary judgment motion is to be commended. The litigants were thus informed. Thereby the parties could undertake further discovery procedures to develop the truth as to the single material fact that the court regarded to be in issue, namely, the party defendant owing the debt.

2. We are not unmindful of the various principles that must be considered in passing upon summary judgment motions. Among these are that the burden is on the movant to demonstrate the absence of any substantial factual issue (*Brown v. Sheffield,* 121 Ga. App. 383 (3 b) (173 SE2d 891)), that the allegations of both the complaint and answer must be taken as true unless the movant successfully pierces the allegations so as to show that no material issue of fact remains (*Alexander v. Boston Old Colony*

---

[1] These initials represent "formerly doing business as."

*Ins. Co.,* 127 Ga. App. 783 (2) (195 SE2d 277)), and that the papers of the movant are carefully scrutinized while those of the opposing party are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672). Additionally, we recognize the opposing party is given the benefit of all favorable inferences that may be disclosed from the evidence. *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1) (181 SE2d 77). There is also the rule that the evidence must be construed most favorably to the party opposing the motion for summary judgment even though the testimony may be vague and contradictory. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866).

3. But we must also observe the statutory requirement that where the allegations of the pleadings are pierced and there is no issue of material fact so that a party is entitled to judgment that it is then incumbent upon the court to grant a motion for summary judgment. Code Ann. §§ 81A-156 (c), 110-1203; *Dillard v. Brannan,* 217 Ga. 179, 180 (1) (121 SE2d 768). As was said in *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193): "A primary purpose of the summary judgment procedure is to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings."

4. Furthermore, "The presence of a genuine issue of material fact must, on motion for summary judgment, be apparent in some manner other than mere allegations in the pleading. *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156)." *Jerry Lipps v. Lewallen,* 118 Ga. App. 479 (164 SE2d 232). Pleadings, unsupported by evidence at the hearing on a motion for a summary judgment, do not raise factual issues that prevent granting of the judgment. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580).

5. The next principle for consideration is the manner in which our statute embodied in Code Ann. § 81A-136 provides for treatment of evasive answers to requests for admission. It is there provided in subparagraph (a) that "an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he stated that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." This directive means it is not sufficient to limit an answer to "for want of

sufficient information." As is stated in 8 Wright & Miller, Federal Practice and Procedure: Civil, p. 730, § 2261: "A general statement that he can neither admit nor deny, unaccompanied by reasons, will be held an insufficient response, and the court may either take the matter as admitted or order a further answer."

6. We next apply these rules to the case at bar. The record shows that the account was incurred during the months from March through August 1969 and that payments of $1,000 and $500 were made respectively on August 30, 1969, and May 4, 1970. As the Corporation did not come into existence until December 2, 1970, it is obvious it was not involved in this obligation, as a corporation cannot exist until its charter has been granted. *Powers v. Brunswick-Balke-Collender,* 19 Ga. App. 706 (91 SE 1062). See also *Michael Bros. Co. v. Davidson & Coleman,* 3 Ga. App. 752 (60 SE 362). Accordingly, the obligations were incurred and the payments made by the individual defendant unless his evidence supports the unequivocal denial made in his unverified answer to the complaint. Such was not the nature of the response to the Requests for Admisssion. When called upon to reply to requests for admission that involved the plaintiff as an individual he answered that "for want of sufficient information" he was unable to respond. Such answer failed to meet our statutory demand and therefore should be given the effect of an admission as was done by the court below. Furthermore, such straddling from an individual who should have been able to answer directly yes or no must be construed against the party. As we said in *Maxey-Bosshardt Lumber Co. v. Maxwell,* 127 Ga. App. 429 (2)(193 SE2d 885). "Where, as here, a party is the sole witness in his own behalf and so has naturally presented his case in its most favorable light and such showing discloses his defense has no legal validity, it is incumbent upon the courts to rule adversely to him without further ado."

7. In short, we have the factual details of the indebtedness set forth in the credit manager's affidavit with a weaseling answer from the party who possesses the knowledge to make a direct denial if he were not indebted. This is sufficient to support the summary judgment for plaintiff. See *Aetna Cas. & Surety Co. v. Aluminum Co. of America,* 122 Ga. App. 324 (176 SE2d 654). "Where the evidence produced in a motion for summary judgment entitles the party to judgment through piercing the allegations of the pleadings and showing that there is no genuine issue of material

fact, the summary judgment motion should be sustained. [Cits.]." *Crawford v. McDonald,* 125 Ga. App. 289, 293 (187 SE2d 542). *Judgment affirmed. Hall P. J., Eberhardt, P. J., Deen and Stolz, JJ., concur. Bell, C. J., Pannell, Quillian and Evans, JJ., dissent.* ARGUED MAY 30, 1973 — DECIDED OCTOBER 29, 1973.

*Paul T. O'Connor, W. Kenneth London,* for appellant.
*Lipshutz, Macey, Zusmann & Sikes, H. William Cohen, Charles E. Lamkin,* for appellee.

EVANS, Judge, dissenting. In support of the first motion for summary judgment plaintiff submitted the affidavit of its credit manager, showing that its bill for advertising was true and correct. The bill was based on a contract of the individual defendant doing business as Gregory Advertising, which affiant contends had been acknowledged by the defendant and accepted by the plaintiff. The lower court denied the motion, stating it was unable to ascertain whether the account was made by an individual or a corporation. Thereupon, plaintiff served requests for admission on defendant, in which it requested that defendant admit: 1. That the corporation was not created until a date later than when the debt was created; 2. That the contract was true and correct; 3. That defendant had breached the contract by failing to pay for the advertisements, covering a period of six months advertising; 4. That the debt was past due and unpaid.

Defendant filed his answers to requests for admission, in which he admitted that the corporation was not created until a time later than when the debt was created. Thus, it was established that no liability existed against the corporation.

But defendant *did not admit* any of the other requests for admissions. Some of his answers could be construed as being vague and indefinite in certain respects, but definitely no admission was made. If the plaintiff was dissatisfied with the answers as made, his remedy is spelled out in detail in Code Ann. § 81A-136, to wit: "The party who has requested the admissions *may move to determine the sufficiency of the answers* or objections . . . If the court determines that an answer does not comply with the requirements of this section, *it may order either that the matter is admitted or that an amended answer be served."* (Emphasis supplied.) This procedure clearly gives to the party who files answers to requests for admissions the privilege of amending his answers when he learns that the opposite party is dissatisfied therewith. *But no authority inheres in the trial judge to consider*

*an answer as an admission unless and until the party submitting the requests has moved for an order as to the sufficiency of the answers.*

Unless the trial court considered defendant's answers to requests for admissions as *admitting plaintiff's requests for admissions* there was no possible way for him to grant summary judgment. The original petition was in three paragraphs, the first and second paragraphs alleging the names of the defendants, and the third paragraph alleging: "Defendants owe plaintiff $2,422.75 according to the account attached hereto marked Exhibit 'A.'"

Defendant's answer admitted paragraphs 1 and 2 of complaint, but as to paragraph 3, it asserted: "Defendant denies each and every allegation in the complaint, not herein admitted." This answer made an issue unless it was pierced by plaintiff in some manner provided by law. He sought to pierce same by requesting admissions, but failed to do so. It is all too obvious that the trial judge considered the answers to the second set of requests for admissions as admitting the requests — perhaps because they were in some respects vague and ambiguous. But this the trial judge could not do unless the plaintiff had first filed objections to the answers and afforded defendant the right to amend.

One further reason why the court could not properly grant summary judgment is that plaintiff's affidavit is insufficient, in that it shows a conflict between the amount named in the contract, and the amount for which complaint was filed and judgment demanded. *And defendant denied that this was the agreement between the parties.*

The pleadings and evidence, and all inferences arising therefrom, must be construed most strongly in favor of the party opposing the motion for summary judgment. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1) (129 SE2d 408), and the burden of demonstrating the absence of a substantial issue is on the party who moves for the summary judgment.

The grant of summary judgment was erroneous for the above reasons, and I respectfully dissent.

I am authorized to state that Chief Judge Bell and Judges Pannell and Quillian join me in this dissent.