## 51548. FRASER v. SUN VALLEY, INC.

CLARK, Judge.

Defendant appeals from a judgment sustaining a motion for summary judgment made by plaintiff in a suit upon an open account for labor and materials. Appellant asserts that the record shows the existence of a genuine material issue of fact through his affidavit and his answers to interrogatories and responses to requests for admissions.

1. Appellant relies exclusively upon the established principles which govern when considering summary judgment motions. We deem it unnecessary to repeat

these controlling doctrines as they are summarized with citations in the third division of *Gregory v. Vance Pub. Corp.,* 130 Ga. App. 118, 119 (202 SE2d 515).

After application of those principles to the record in the case at bar we find that there is no genuine issue of material fact. Examination of the defendant's answers to interrogatories and his responses to requests for admission indicate an evasion as to material matters entirely within his knowledge. These cannot be treated as denials.

The answers included an admission of an obligation and receipt of materials. In answering other pertinent interrogatories the response was "Defendant does not know." These answers were patently evasive as to information clearly within his knowledge and which should have been answered with a "yes" or "no." We concur with the trial court's holding that the record does not show the existence of a genuine material issue. See *Maxey-Bosshardt Lumber Co. v. Maxwell,* 127 Ga. App. 429 (193 SE2d 885); *Gregory v. Vance Pub. Corp.,* 130 Ga. App. 118, supra.

2. Included in the judgment appealed from was an assessment of attorney fees. We assume this was based upon a motion for imposition of sanctions under Code Ann. § 81A-137 (d). The motion asserted defendant has "wilfully failed to answer these interrogatories properly and has evaded answering where the truth would be to his detriment." (R. 24). Although appellant assigned this ruling among his enumerations of error, it has not been argued. Accordingly, we must deem it abandoned. Court of Appeals Rule 18 (c) (2); Code Ann. § 24-3618 (c) (2); *O'Kelley v. Hayes,* 132 Ga. App. 134 (1) (207 SE2d 641); *Kelley v. Whitaker,* 133 Ga. App. 229 (1) (211 SE2d 176).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED JANUARY 28, 1976.

*Zachary & Segraves, J. Ed Segraves,* for appellant. *Robert K. Picker, Jr.,* for appellee.